SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
Ezra D. Landes (SBN 253052)
1990 South Bundy Dr., Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile:  (310) 826-4711
matthew@spertuslaw.com
ezra@spertuslaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHOENIX BOOKS, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MR BONGO WORLDWIDE LTD, a United Kingdom limited company,<br><br>Defendants. | Case No. CV 19-6000-JFW (RAOx)<br><br>**DISCOVERY MATTER**<br><br>**[PROPOSED] PROTECTIVE ORDER** |

Spertus, Landes & Umhofer, LLP
1990 S. Bundy Dr., Suite 705
Los Angeles, CA 90025
Tel: 310-826-4700; Fax: 310-826-4711

Spertus, Landes & Umhofer, LLP
1990 S. BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TEL: 310-826-4700; FAX: 310-826-4711

1.    A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Phoenix Books, Inc. ("Plaintiff") hereby petitions the Court to enter the following Protective Order. Plaintiff acknowledges that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is

1.

Spertus, Landes & Umhofer, LLP
1990 S. Bundy Dr., Suite 705
Los Angeles, CA 90025
Tel: 310-826-4700; Fax: 310-826-4711

1 Plaintiff's intent that information will not be designated as confidential for

2 tactical reasons and that nothing be so designated without a good faith belief that

3 it has been maintained in a confidential, non-public manner, and there is good

4 cause why it should not be part of the public record of this case.

5 C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER

6 SEAL

7 Plaintiff further acknowledges, as set forth in Section 12.3, below, that this

8 Protective Order does not entitle the parties to file confidential information under

9 seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and

10 the standards that will be applied when a party seeks permission from the court

11 to file material under seal.

12 There is a strong presumption that the public has a right of access to

13 judicial proceedings and records in civil cases. In connection with non-

14 dispositive motions, good cause must be shown to support a filing under seal. *See*

15 *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006),

16 *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-*

17 *Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even

18 stipulated protective orders require good cause showing), and a specific showing

19 of good cause or compelling reasons with proper evidentiary support and legal

20 justification, must be made with respect to Protected Material that a party seeks

21 to file under seal. The parties' mere designation of Disclosure or Discovery

22 Material as CONFIDENTIAL does not—without the submission of competent

23 evidence by declaration, establishing that the material sought to be filed under

24 seal qualifies as confidential, privileged, or otherwise protectable—constitute

25 good cause.

26 Further, if a party requests sealing related to a dispositive motion or trial,

27 then compelling reasons, not only good cause, for the sealing must be shown,

28 and the relief sought shall be narrowly tailored to serve the specific interest to be

2.

Spertus, Landes & Umhofer, LLP
1990 S. Bundy Dr., Suite 705
Los Angeles, CA 90025
Tel: 310-826-4700; Fax: 310-826-4711

protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.      DEFINITIONS

2.1 Action: this pending federal lawsuit, entitled *Phoenix Books, Inc. v. Mr Bongo Worldwide Ltd*; Case No. CV 19-6000-JFW (RAOx).

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

Spertus, Landes & Umhofer, LLP
1990 S. BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TEL: 310-826-4700; FAX: 310-826-4711

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4.    DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

Spertus, Landes & Umhofer, LLP
1990 S. Bundy Dr., Suite 705
Los Angeles, CA 90025
Tel: 310-826-4700; Fax: 310-826-4711

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

6.

Spertus, Landes & Umhofer, LLP
1990 S. Bundy Dr., Suite 705
Los Angeles, CA 90025
Tel: 310-826-4700; Fax: 310-826-4711

1   contains protected material. If only a portion of the material on a page qualifies

2   for protection, the Producing Party also must clearly identify the protected

3   portion(s) (e.g., by making appropriate markings in the margins).

4           A Party or Non-Party that makes original documents available for

5   inspection need not designate them for protection until after the inspecting Party

6   has indicated which documents it would like copied and produced. During the

7   inspection and before the designation, all of the material made available for

8   inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

9   identified the documents it wants copied and produced, the Producing Party must

10  determine which documents, or portions thereof, qualify for protection under this

11  Order. Then, before producing the specified documents, the Producing Party

12  must affix the "CONFIDENTIAL legend" to each page that contains Protected

13  Material. If only a portion of the material on a page qualifies for protection, the

14  Producing Party also must clearly identify the protected portion(s) (e.g., by

15  making appropriate markings in the margins).

16          (b) for testimony given in depositions that the Designating Party identifies

17  the Disclosure or Discovery Material on the record, before the close of the

18  deposition all protected testimony.

19          (c) for information produced in some form other than documentary and for

20  any other tangible items, that the Producing Party affix in a prominent place on

21  the exterior of the container or containers in which the information is stored the

22  legend "CONFIDENTIAL." If only a portion or portions of the information

23  warrants protection, the Producing Party, to the extent practicable, shall identify

24  the protected portion(s).

25          5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent

26  failure to designate qualified information or items does not, standing alone,

27  waive the Designating Party's right to secure protection under this Order for such

28  material. Upon timely correction of a designation, the Receiving Party must

7.

Spertus, Landes & Umhofer, LLP
1990 S. BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TEL: 310-826-4700; FAX: 310-826-4711

1  make reasonable efforts to assure that the material is treated in accordance with

2  the provisions of this Order.

3        5.4    <u>Documents Produced by Third-Party Subpoenas</u>.  All documents

4  produced to a Party by a third-party in response to a subpoena issued in this

5  Action shall be treated as "CONFIDENTIAL" under the terms of this Order

6  upon production of the documents to the subpoenaing Party and for an additional

7  30 days from the date of service of the documents, including, electronic service,

8  by the subpoenaing Party on the non-subpoenaing Party.  The non-subpoenaing

9  Party shall then have until the end of the 30-day period to identify in writing for

10  the subpoenaing Party the specific documents, if any, it is designating

11  "CONFIDENTIAL."  If the non-subpoenaing Party fails to inform the

12  subpoenaing Party of the designations within the 30-day period, absent an

13  agreement by the Parties to extend the review period or an order extending the

14  review period, the documents shall no longer be treated as "CONFIDENTIAL."

15

16  6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

17        6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

18  designation of confidentiality at any time that is consistent with the Court's

19  Scheduling Order.

20        6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute

21  resolution process under Local Rule 37.1 et seq. 6.3 The burden of persuasion in

22  any such challenge proceeding shall be on the Designating Party. Frivolous

23  challenges, and those made for an improper purpose (e.g., to harass or impose

24  unnecessary expenses and burdens on other parties) may expose the Challenging

25  Party to sanctions. Unless the Designating Party has waived or withdrawn the

26  confidentiality designation, all parties shall continue to afford the material in

27  question the level of protection to which it is entitled under the Producing Party's

28  designation until the Court rules on the challenge.

*[PROPOSED] PROTECTIVE ORDER*

Spertus, Landes & Umhofer, LLP
1990 S. BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TEL: 310-826-4700; FAX: 310-826-4711

1    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

2        7.1    Basic Principles. A Receiving Party may use Protected Material that

3    is disclosed or produced by another Party or by a Non-Party in connection with

4    this Action only for prosecuting, defending or attempting to settle this Action.

5    Such Protected Material may be disclosed only to the categories of persons and

6    under the conditions described in this Order. When the Action has been

7    terminated, a Receiving Party must comply with the provisions of section 13

8    below (FINAL DISPOSITION).

9        Protected Material must be stored and maintained by a Receiving Party at

10   a location and in a secure manner that ensures that access is limited to the

11   persons authorized under this Order.

12       7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

13   otherwise ordered by the court or permitted in writing by the Designating Party,

14   a Receiving Party may disclose any information or item designated

15   "CONFIDENTIAL" only to:

16       (a) the Receiving Party's Outside Counsel of Record in this Action, as well

17   as employees of said Outside Counsel of Record to whom it is reasonably

18   necessary to disclose the information for this Action;

19       (b) the officers, directors, and employees (including House Counsel) of the

20   Receiving Party to whom disclosure is reasonably necessary for this Action;

21       (c) Experts (as defined in this Order) of the Receiving Party to whom

22   disclosure is reasonably necessary for this Action and who have signed the

23   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24       (d) the court and its personnel;

25       (e) court reporters and their staff;

26       (f) professional jury or trial consultants, mock jurors, and Professional

27   Vendors to whom disclosure is reasonably necessary for this Action and who

28   have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9.

Spertus, Landes & Umhofer, LLP
1990 S. BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TEL: 310-826-4700; FAX: 310-826-4711

1    (g) the author or recipient of a document containing the information or a

2    custodian or other person who otherwise possessed or knew the information;

3    (h) during their depositions, witnesses, and attorneys for witnesses, in the

4    Action to whom disclosure is reasonably necessary provided: (1) the deposing

5    party requests that the witness sign the form attached as Exhibit 1 hereto; and (2)

6    they will not be permitted to keep any confidential information unless they sign

7    the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

8    otherwise agreed by the Designating Party or ordered by the court. Pages of

9    transcribed deposition testimony or exhibits to depositions that reveal Protected

10   Material may be separately bound by the court reporter and may not be disclosed

11   to anyone except as permitted under this Protective Order; and

12   (i) any mediator or settlement officer, and their supporting personnel,

13   mutually agreed upon by any of the parties engaged in settlement discussions.

14

15   8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED

16         PRODUCED IN OTHER LITIGATION

17   If a Party is served with a subpoena or a court order issued in other

18   litigation that compels disclosure of any information or items designated in this

19   Action as "CONFIDENTIAL," that Party must:

20   (a) promptly notify in writing the Designating Party. Such notification

21   shall include a copy of the subpoena or court order;

22   (b) promptly notify in writing the party who caused the subpoena or order

23   to issue in the other litigation that some or all of the material covered by the

24   subpoena or order is subject to this Protective Order. Such notification shall

25   include a copy of this Protective Order; and

26   (c) cooperate with respect to all reasonable procedures sought to be

27   pursued by the Designating Party whose Protected Material may be affected.

28

10.

*[PROPOSED] PROTECTIVE ORDER*

Spertus, Landes & Umhofer, LLP
1990 S. Bundy Dr., Suite 705
Los Angeles, CA 90025
Tel: 310-826-4700; Fax: 310-826-4711

1    If the Designating Party timely seeks a protective order, the Party served

2 with the subpoena or court order shall not produce any information designated in

3 this action as "CONFIDENTIAL" before a determination by the court from

4 which the subpoena or order issued, unless the Party has obtained the

5 Designating Party's permission. The Designating Party shall bear the burden and

6 expense of seeking protection in that court of its confidential material and

7 nothing in these provisions should be construed as authorizing or encouraging a

8 Receiving Party in this Action to disobey a lawful directive from another court.

9

10 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

11    PRODUCED IN THIS LITIGATION

12    (a) The terms of this Order are applicable to information produced by a

13 Non-Party in this Action and designated as "CONFIDENTIAL." Such

14 information produced by Non-Parties in connection with this litigation is

15 protected by the remedies and relief provided by this Order. Nothing in these

16 provisions should be construed as prohibiting a Non-Party from seeking

17 additional protections.

18    (b) In the event that a Party is required, by a valid discovery request, to

19 produce a Non-Party's confidential information in its possession, and the Party is

20 subject to an agreement with the Non-Party not to produce the Non-Party's

21 confidential information, then the Party shall:

22    (1) promptly notify in writing the Requesting Party and the Non-

23 Party that some or all of the information requested is subject to a confidentiality

24 agreement with a Non-Party;

25    (2) promptly provide the Non-Party with a copy of the

26 Protective Order in this Action, the relevant discovery request(s), and a

27 reasonably specific description of the information requested; and

28

11.

*[PROPOSED] PROTECTIVE ORDER*

Spertus, Landes & Umhofer, LLP
1990 S. Bundy Dr., Suite 705
Los Angeles, CA 90025
Tel: 310-826-4700; Fax: 310-826-4711

1    (3) make the information requested available for inspection by the

2    Non-Party, if requested.

3    (c) If the Non-Party fails to seek a protective order from this court within

4    14 days of receiving the notice and accompanying information, the Receiving

5    Party may produce the Non-Party's confidential information responsive to the

6    discovery request. If the Non-Party timely seeks a protective order, the Receiving

7    Party shall not produce any information in its possession or control that is subject

8    to the confidentiality agreement with the Non-Party before a determination by

9    the court. Absent a court order to the contrary, the Non-Party shall bear the

10   burden and expense of seeking protection in this court of its Protected Material.

11

12   10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

13   If a Receiving Party learns that, by inadvertence or otherwise, it has

14   disclosed Protected Material to any person or in any circumstance not authorized

15   under this Protective Order, the Receiving Party must immediately (a) notify in

16   writing the Designating Party of the unauthorized disclosures, (b) use its best

17   efforts to retrieve all unauthorized copies of the Protected Material, (c) inform

18   the person or persons to whom unauthorized disclosures were made of all the

19   terms of this Order, and (d) request such person or persons to execute the

20   "Acknowledgment and Agreement to Be Bound" that is attached hereto as

21   Exhibit A.

22

23   11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

24           <u>PROTECTED MATERIAL</u>

25   When a Producing Party gives notice to Receiving Parties that certain

26   inadvertently produced material is subject to a claim of privilege or other

27   protection, the obligations of the Receiving Parties are those set forth in Federal

28   Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

*[PROPOSED] PROTECTIVE ORDER*

Spertus, Landes & Umhofer, LLP
1990 S. Bundy Dr., Suite 705
Los Angeles, CA 90025
Tel: 310-826-4700; Fax: 310-826-4711

1  whatever procedure may be established in an e-discovery order that provides for

2  production without prior privilege review. Pursuant to Federal Rule of Evidence

3  502(d) and (e), insofar as the parties reach an agreement on the effect of

4  disclosure of a communication or information covered by the attorney-client

5  privilege or work product protection, the parties may incorporate their agreement

6  in the stipulated protective order submitted to the court.

7

8  12.    MISCELLANEOUS

9      12.1    Right to Further Relief. Nothing in this Order abridges the right of

10  any person to seek its modification by the Court in the future.

11      12.2    Right to Assert Other Objections. By the entry of this Protective

12  Order, no Party waives any right it otherwise would have to object to disclosing

13  or producing any information or item on any ground not addressed in this

14  Protective Order. Similarly, no Party waives any right to object on any ground to

15  use in evidence of any of the material covered by this Protective Order.

16      12.3    Filing Protected Material. A Party that seeks to file under seal any

17  Protected Material must comply with Local Civil Rule 79-5. Protected Material

18  may only be filed under seal pursuant to a court order authorizing the sealing of

19  the specific Protected Material at issue. If a Party's request to file Protected

20  Material under seal is denied by the court, then the Receiving Party may file the

21  information in the public record unless otherwise instructed by the court.

22

23  13.    FINAL DISPOSITION

24      After the final disposition of this Action, as defined in paragraph 4, within

25  60 days of a written request by the Designating Party, each Receiving Party must

26  return all Protected Material to the Producing Party or destroy such material. As

27  used in this subdivision, "all Protected Material" includes all copies, abstracts,

28  compilations, summaries, and any other format reproducing or capturing any of

13.

Spertus, Landes & Umhofer, LLP
1990 S. Bundy Dr., Suite 705
Los Angeles, CA 90025
Tel: 310-826-4700; Fax: 310-826-4711

1 the Protected Material. Whether the Protected Material is returned or destroyed,

2 the Receiving Party must submit a written certification to the Producing Party

3 (and, if not the same person or entity, to the Designating Party) by the 60 day

4 deadline that (1) identifies (by category, where appropriate) all the Protected

5 Material that was returned or destroyed and (2) affirms that the Receiving Party

6 has not retained any copies, abstracts, compilations, summaries or any other

7 format reproducing or capturing any of the Protected Material. Notwithstanding

8 this provision, Counsel are entitled to retain an archival copy of all pleadings,

9 motion papers, trial, deposition, and hearing transcripts, legal memoranda,

10 correspondence, deposition and trial exhibits, expert reports, attorney work

11 product, and consultant and expert work product, even if such materials contain

12 Protected Material. Any such archival copies that contain or constitute Protected

13 Material remain subject to this Protective Order as set forth in Section 4

14 (DURATION).

15

16 14. <u>VIOLATION</u>

17 Any violation of this Order may be punished by appropriate measures

18 including, without limitation, contempt proceedings and/or monetary sanctions.

19

20

21 FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

22 DATED: December 27, 2019

23

24 _____

25 HON. ROZELLA A. OLIVER
United States Magistrate Judge

26

27

28

14.

Spertus, Landes & Umhofer, LLP
1990 S. Bundy Dr., Suite 705
Los Angeles, CA 90025
Tel: 310-826-4700; Fax: 310-826-4711

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Protective Order that was

issued by the United States District Court for the Central District of California on

_____ [date] in the case of *Phoenix Books, Inc. v. Mr Bongo Worldwide Ltd*;

Case No. CV 19-6000-JFW (RAOx). I agree to comply with and to be bound by

all the terms of this Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Protective Order to any person or entity

except in strict compliance with the provisions of this Order. I further agree to

submit to the jurisdiction of the United States District Court for the Central

District of California for enforcing the terms of this Protective Order, even if

such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

15.

*[PROPOSED] PROTECTIVE ORDER*